STATE OF VERMONT

ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| In re: Appeal of | } | |
| Thomas J. Morse | } | Docket No. 174-8-00 Vtec |
|  | } | |
|  | } | |

Decision and Order on Pending Motions

Appellant Thomas J. Morse appealed from the July 19, 2000 decision of the Zoning Board of Adjustment (ZBA) of the Town of Brighton, denying his appeal of a Notice of Violation for operating a lodging establishment in a building in an Industrial zoning district. The Town has not filed any enforcement action against Mr. Morse based on the Notice of Violation. Appellant Morse has appeared and represents himself; the Town is represented by Paul S. Gillies, Esq.

Procedural Status

As well as filing the appeal in Environmental Court, which is the only court with jurisdiction of the zoning appeal, Mr. Morse has filed a complaint against the Town and certain named individuals, which he denominates as a "countersuit," seeking money damages in the amount of $125,000 for compensatory damages and an equal amount in punitive damages. From the copies of materials sent to the Environmental Court, it appears that this complaint was properly sent for filing to the Essex Superior Court, which is the only court with jurisdiction of the damages claim. However, if it was in fact filed with the Essex Superior Court, it has not yet been docketed there as a new case.

In any event, Appellant Morse also has filed documents in Environmental Court which appear to relate to both actions. Therefore we must make clear that the Environmental Court only has jurisdiction of Appellant Morse's appeal of the Notice of Violation. In the course of that appeal, the Environmental Court has authority to address whether Appellant Morse is entitled to pre-existing non-conforming use status (sometimes

1

called "grandfathered" status) for the lodging use at issue in this appeal, and whether nearby uses have been unfairly "spot-zoned" residential or commercial. The Environmental Court does <u>not</u> have authority to adjudicate a claim for money damages against the Town; such a claim must be filed in Superior Court. Mr. Morse should address the Superior Court directly to determine whether his complaint has properly been filed. We are sending an informational copy of this order to the Essex Superior Court.

We also must note for Mr. Morse's assistance that the hearing before the Environmental Court will be "<u>de</u> <u>novo</u>;" that is, the Environmental Court considers the matter without regard to what was done by the Zoning Board of Adjustment. This means that the Court will not consider what is stated in the ZBA's findings of fact and conclusions of law, unless one of the parties submits those findings in evidence at the hearing. This also means that documents submitted to the ZBA are not in the Court record unless and until one of the parties submits them in evidence at the hearing. The parties should therefore be prepared to offer evidence regarding when the Industrial zone was enacted, and what was the use made of the building just prior to that time. At the hearing (which will be held in the Essex County Courthouse unless the parties prefer it to be heard in Chittenden County) the Environmental Court will take evidence in the form of documents offered by the parties and from witnesses who are present in the courtroom. Unless the parties both agree to allow the submission of affidavits, the Court cannot accept affidavits at trial (such as the ones referred to on page 11, last paragraph, of Appellant Morse's August 17, 2000 filing). If the parties file another motion for summary judgment, they should consult V.R.C.P. 56 for the use of affidavits in connection with motions for summary judgment.

As in any litigation, each party must send copies to the other party of anything sent to the Court. At the present time, the only persons who need to receive copies in the Environmental Court proceeding are Mr. Morse and Mr. Gillies.

<u>Request for Discovery</u>

Appellant Morse requested certain discovery from the Town. There is no indication that the Town has failed to respond within the time allowed by the Vermont Rules of Civil

Procedure (abbreviated V.R.C.P.), or that Mr. Morse is seeking any assistance from the Court in obtaining discovery. Accordingly, this request will not be treated as a motion at this time. As the Town is represented by an attorney, Mr. Morse should address any requests for discovery or for documents to Mr. Gillies, not to any town official. If any problems develop regarding discovery, the parties must comply with V.R.C.P. 26(h) before bringing the matter to the attention of the Court.

Request for Dismissal

As Appellant brought the appeal, the Court understands him to be requesting dismissal of the underlying Notice of Violation rather than dismissal of the appeal. However, the requirement that the Town send him the list of interested parties is a requirement established only by rule, and not in the zoning statutes. V.R.C.P. 76(e). Therefore it is not jurisdictional and neither the Notice of Violation or the appeal should be dismissed if the Town had not complied. The motion to dismiss is therefore denied. Further, Attorney Gillies' response makes clear that there are no other interested parties which Mr. Morse is required to notify. However, the Town should have notified Mr. Morse at the outset that there were no other interested parties other than himself.

Motion for Summary Judgment or Dismissal of the Notice of Violation

Material facts are in dispute as to when the Industrial zoning went into effect, as to the previous zoning classification of the property, as to when and to what extent the property was used as a lodging establishment or rented out to private clubs prior to that zoning change, and as to what the zoning ordinance provides. These facts must be determined before the Court will be able to rule on whether the lodging use of the property qualifies as a pre-existing, nonconforming use. It is possible that this missing information could be provided by documents and affidavits, rather than by testimony at trial. Therefore, the motion for summary judgment is denied without prejudice to its renewal in compliance with V.R.C.P. 56.

Motion for "Stay of Enforcement"

3

As no enforcement case has been brought, there is nothing pending in this Court for this Court to stay.  However, the motion is denied as moot without prejudice to Mr. Morse's renewing the motion or requesting other relief before this Court or the Superior Court to allow him to reopen without risk of zoning penalties.   Meanwhile, we will expedite the appeal in Environmental Court so that it may be resolved as soon as possible.  We will hold a telephone conference with the parties on Tuesday September 26, 2000 at noon.  The Court will place the calls; we will plan to reach Mr. Morse at 899-4668 unless he advises the Court well in advance of the conference that he prefers us to use another number.

Done at Barre, Vermont, this 18th day of September, 2000.


_____
Merideth Wright
Environmental Judge


cc:    Essex Superior Court (FYI - Attn. Judge Manley and Assistant Judges Hodgdon)
       Parties